and counsel. You may proceed. Thank you, Your Honor. May it please the court for the oral record. My name is Curtis Blood and I represent the appellant, Stephen Simons. He's asking, in short, that this matter be remanded to the circuit court for further proceedings to be made. Before I get into that, I feel I must address the fact that I'm even here. I have not retained counsel. I'm appointed. I did not file a notice of appeal and there was never an option for me to dismiss this appeal. People committed under the Sexually Violent Persons Commitment Act are by statute reexamined every 12 months. And when they're reexamined, they have an opportunity to petition for release. This case is more than a year old. And so I'm wondering if I've checked the docket and there has been no further proceedings regarding examination, but it makes me wonder if it's possible for this to become a move because the relief that this court would grant would be the same thing that would be open to him if he were reexamined under the statute. It's not really presented. I don't know. But anyway, if this was presented to me as a matter of should we appeal or not, that's the first thing I want to think about. Are you aware, and I'll ask opposing counsel the same, of any actions in the circuit court indicating there's been a reexamination or reconsideration on this annual basis? Your Honor, a few days ago I checked Clericus Magnus where you can get the docket right in your office. According to the Madison County docket on this case, no. It's definitely not moving right now or then. That said, the question in this case is whether the circuit court was correct in concluding that it did not have authority to act on the pleadings that Mr. Simons filed 14 days after the circuit court ordered that Simons continue to be held in custody. The central question of law is whether that pleading, which is in the appendix to our brief at 8, 3, and 4, is what Rule 303 calls a post-trial motion directed against the judgment. And that question is inevitably a question of circuit court and appellate jurisdiction. The main authority is a case on appellate jurisdiction. If that motion, if that pleading, it's a petition, is a Rule 303 post-trial motion directed against the judgment, then it extended the jurisdiction of the circuit court to act on the previous petition by the state that the circuit court had granted four days previously, the petition that, I mean, the order that Mr. Simons continued to be held. There is no question that Mr. Simons' attorney, who filed, and it's not me, who filed the petition, did not realize that he was filing a timely post-judgment motion. The judge in his order on the petition basically, well, he says, he refers to the petition filed several weeks ago. Well, it wasn't several weeks. It was 14 days. It was well within 30, which apparently nobody knows. Well, let me ask you this. Are you, and I'm going to ask opposing counsel also, your argument that this had to be considered as a post-trial motion by the trial court or that the circuit court had the discretion, given the timeliness of the motion, to construe it as a post-trial motion? Good question, Your Honor. I don't think discretion enters into it. The Kingville case, Supreme Court 2002 case, which is the most important case on this subject, on what is a post-trial motion, says, we're not aware of any authority that jurisdiction should depend on the perceived intent of the litigants. If the litigant satisfies the requirements of the code and rules, jurisdiction vests in the appellate court. Otherwise not. In other words, it either is or isn't a post-trial motion directed against the judgment. So basically you're arguing, and let me make sure I understand your argument, no matter how it's labeled, if it's within the appropriate time period, the court has to consider it. There's one other requirement, Your Honor. It has to be directed against the judgment. Oh, of course. That's understood. And that's where, that's kind of where we're stuck. I think that's how we frame the issue. Because it doesn't mention that judgment. It doesn't mention 14 days ago. But there's no such express requirement. Certainly not in Kingbrook. Not anywhere else that I've found. And apparently nowhere else that Posey Counselor has found. Where is that requirement? That previous order be named. Where is it? And Kingbrook is quite careful, according to Kingbrook, carefully, it is very well written, explains that it's just what the order says. That the order has to be looked at under, I mean the petition, excuse me, I'm stepping ahead of myself. The petition must be looked at under Section 2-12.2 of the Civil Practice Code, which states the sort of relief it's got to be requested. And one of those reliefs is, well, it is for consideration, but, or symbol of relief. And in this case, the order was that Mr. Simons continue to be held. And the petition was that he be released. Sounds like the right relief. It was timely. No specific requirement anywhere that the previous order be named. That should do it. And you can think of cases where you wouldn't name, where you wouldn't mention the order. Where it was obvious what was being talked about. Let's assume that this, it's given that this motion, whatever the pleading is, does not mention the prior order. And let's say for the sake of argument, that the circuit court takes the filing, the pleading on its face. What is court to do with that? Is it supposed to look over the evidence again? Is it supposed to have a new hearing? What exactly is the court supposed to do if the motion, if the pleading does not mention the prior order? I'm sorry. Well, Your Honor, I've never been a trial court judge, or any judge. But I'm well aware that a case is live for 30 days. Once that order is entered, it's not over until 30 days is over. And so, question one, when a pleading is filed in a case that already exists, is what's going on in the last 30 days? That's just got to be handled. Rule. Check. See how old it is. It's pretty obvious it wasn't done in this case. Wasn't done by my preceding counsel? No. Wasn't done by opposing counsel? Not done by the judge. It was just passed by. But this case was a lie. When this petition was filed, the court had the right, the authority, the jurisdiction to do anything on this case. To do anything to the order for further commitment, to set it aside, to hold proceedings, to do anything on the state's motion for finding of no probable cause. Would the circuit court on its own authority, on sua sponte, be able to ask the party filing this pleading, what exactly do you want? What are you aiming at? We've already had a hearing. Sure. Absolutely. Definitely. And in this case, if that had happened, the petition doesn't mention the prior order, and I suppose the trial counsel wouldn't have given the answer I'm giving now. He probably didn't even notice it was 14 days later. I discussed this issue with him, and it certainly lights out for him. It hadn't occurred to him. So I talked to him about it. I just noticed it was 14 days. So what would the court do? Well, the court would have to notice the 30 days. If I were there, would I have noticed the 30 days? I don't know. I'm no smarter than anybody else, certainly, and it would have gone right over my head, too. But that's exactly what happened. It went right over everybody's head. Well, the court was wrong in thinking that it had no authority but to take back its appointment of an expert witness and to hold further proceedings on the petition. It had every authority. It had the right. But we have the right to, in essence, say the court was wrong in determining its lack of authority and still determine that it was right in the sense that in vacating the order. Correct? I mean, you're just talking about jurisdiction, essentially. But we can still determine whether or not the court had the ability to determine whether or not it was a proper motion to reconsider or whether or not it followed 65B1 and determine the outcome regardless of what the court misconstrued its authority was. Well, Your Honor, first question is whether that's a proper motion to reconsider. Certainly. Actually, motion directed against the judgment. That's the language of the statute. As for the sexually violent person's commitment act, the way I've construed it for the court in my argument, it is not beyond the court's authority to grant it at that late date. Now, the court may disagree with me on that, but I haven't been shown anything that tells me I'm wrong. I've read the briefs, and so far it seems to be on firm ground there. There's a time limit, but it's directory, not mandatory. Of course it's not mandatory because you wouldn't want to get the state in a position where a person was released because they hadn't done things on time. So there's a natural slack built into the system there. So, no, I haven't read it, and I haven't been told, and it hasn't been argued to me that there's any reason in the sexually violent person's commitment act that you can't do this. If there is, then I'm wrong. Then I'm out. But that's the way I read it. Okay. Thank you. Thank you, counsel. Counsel? Counsel? May it please the court? Counsel, I'm Assistant Attorney General Michael Sabula on behalf of the people of the state of Illinois. If I could maybe just clarify a couple things at the top in response to the arguments that were just made. I am also not aware of any other proceedings in the oral court since its ruling. Good. We are certainly not arguing. Could you speak up a little bit louder, please? We're certainly not arguing that. That just is for recording. It doesn't amplify, unfortunately. Sorry about that, Eric. We're certainly not arguing that this is moot in any way, so the appeal should not be resolved on that issue. Just to clarify a few other things with respect to what the counsel just said, this is not at all a case about jurisdiction, let alone appellate court jurisdiction. There's no reason to discuss Rule 303. The trial court dismissed the petition as untimely. No one in any way discussed the trial court jurisdiction as part of this or appellate court jurisdiction. And respectfully, counsel concedes in his briefs multiple times that in that respect, the trial court was absolutely correct. This was an untimely petition. So I would like to address the argument he does raise in his briefs, which is that the trial court somehow erred and not sua sponte, recharacterizing his petition for discharge as a motion for reconsideration. First of all, as this court well knows, doctrine of right of error prohibits a party on appeal from complaining about an error that either induced the trial court to make or that it consented to the trial court to make. That's exactly what's happening here. He titles his pleading petition for discharge. In the body of the pleading, he asks for discharge. He doesn't acknowledge a prior order, let alone ask for reconsideration. He said he was bringing his pleading pursuant to Section 65, which governs exclusively petitions for discharge, has nothing to do with post-judgment motions. The state immediately moved to dismiss the petition as untimely, pointing out just two weeks earlier the probable cause here could have been held. That presented respondent a perfect opportunity to tell the trial court, no, this is really a motion for reconsideration. But he didn't do that. He doubled down both in a written response and an argument, telling the court, sure, this is a petition for discharge. I can file it out whenever I want. So every step of the way, he invited the trial court to treat it as a petition for discharge, and doctrine of invited error, therefore, requires denial as appeal. Would the trial court have had the discretion to treat it as a motion to reconsider its prior ruling? I would say that the trial court absolutely has a discretion to ask counsel, do you really intend to file a post-judgment motion? And if counsel disagrees with that, we might have a different case. But the court absolutely has the discretion. But that's not the argument the respondents make. Respondents make the argument that the trial court was absolutely obligated to do so. And that fails both on the law and the facts. Respondents cite no case that the trial court is obligated to sua sponte, with no suggestion of any court, recharacterize a plea as a post-judgment motion. In fact, as we cite in our briefs, and people will be stifled, our Supreme Court said that even in a criminal case, even when faced with a pro se plea, and to be clear, respondent was never pro se, but even in a criminal pro se plea, the trial court is not obligated to recharacterize a plea as a, for example, post-conviction petition. And the court's refusal to do so may not be reviewed for error. But even if he had some sort of legal basis for his argument, there's no factual basis for faulting what the trial court did. As I mentioned, everything about this pleading, everything counsel told the court, indicated it was a petition for discharge. If no one tells the court, or if everyone tells the court this is a petition for discharge, everything about the pleading itself indicates that. You shouldn't fault the trial court for taking counsel at his word, taking the pleading on its face, and treating it as a petition for discharge. Now, respondent relies heavily on our Supreme Court's decision in Kingbrook. That's a completely different case, both on the facts and the law. The pleading issue in Kingbrook was titled Motion for Reconsideration, and it specifically requested reconsideration of a particular prior order. That has nothing to do with the pleading issue here. Also on the legal issue, the first line of Kingbrook says it was a case about appellate court jurisdiction. The issue in that case was if you have a post-judgment motion, must it contain additional detail for the appellate court to treat it as the type of post-judgment motion that extends the deadline to file a notice of appeal. That in no way supports respondent's argument that a trial court is obligated to sui spontae of the characterized appeal. I would also point out, and I'm sure it's inadvertently, but respondent said earlier, I believe, and he said in his briefs that in Kingbrook the Supreme Court said that perceived intent does not determine appellate court jurisdiction. Well, certainly we're not talking about appellate court jurisdiction here, but I will also point out that in Kingbrook that was made in response to an argument that's not being put forward here. The argument in Kingbrook was that a post-judgment motion was filed in bad faith, and therefore since it was filed in bad faith, it shouldn't lead to appellate court jurisdiction. There's no allegation of bad faith here. Lastly on this point, Your Honor, respondent said a couple of times that there's no one to find a case saying we must specifically reference a prior order. Well, if you look at page 11-12 of his brief when he cites Marsh, and elsewhere in his brief when he cites Kingbrook and he quotes it, those cases hold that you must specifically request post-judgment relief. You must specifically request reconsideration, vacation, modification of a prior order for a new trial. Lastly, Your Honor, very briefly, I think this relates to a few of the questions that were asked. Even if respondent could show the trial court somehow erred, that error would be without question harmless. Respondent provides no basis to believe that the original probable cause ruling was wrong and that he really is no longer a sexually violent person. We only reach this argument if we assume the pleading is a motion for reconsideration, which means he must show one of three things, that the trial court misapplied existing law, there's no allegation back here, nor could there be, because respondent stipulated to that probable cause ruling. Second would be to show that there's new law that obviates the prior ruling, no allegation back here. The third thing would be to show that there's new evidence that was not previously available. But respondent has no evidence at all that his condition has changed, let alone does he have evidence that he could not have obtained prior to the original ruling. So if there are no questions, I'd like to thank the court for its time and respectfully request that you affirm the moral course ruling. Thank you, counsel. Excuse me, counsel. Thank you, Your Honor. Harmless error. Before the circuit court determined that it did not have authority in the law on this matter, it had appointed a licensed psychologist to examine Mr. Simons and report back to the court, and his petition for release was pending. Harmless error. That was all stricken because the circuit court concluded he didn't have authority to do any of that. Could the trial court have treated it as a post-trial motion? You ask, Your Honor. King Book is the alpha and omega on that subject. And by the way, I agree completely on the fact to state about opposing counsel. I didn't hear anything I disagreed with. But as for King Book, sure, it's about appellate court jurisdiction, and we're here about circuit court jurisdiction. When does appellate court jurisdiction start? When circuit court jurisdiction ends. They never hold that jurisdiction. Here's what King Book says, and this goes to the merits and it also goes to the waiver. Jurisdiction should depend on the perceived intent of the litigants. Or rather, the jurisdiction does not depend on the perceived intent of the litigants. And if the litigant satisfies the requirements of the code and rules, jurisdiction vests in the appellate court otherwise not. In other words, jurisdiction ends in the circuit court otherwise not. That's King Book. Well, if the intent of the filer doesn't matter, then what he says doesn't matter, and what he writes doesn't matter as long as it satisfies the code and the rules. That's what King Book is telling us. Even lawyers have to intend what they say most of the time. And in this case, it doesn't matter. It doesn't matter if he thought he was filing a motion to reconsider or not. It doesn't matter. If it was under our code and rules, a motion directed against the judgment, well, it was certainly timely. No question of that. Therefore, it's sufficient. And if this court is inclined to, for the first time, make a rule that you have to use the word reconsideration or some such other rule, because as far as I can see, it would be a new rule, remember that King Book does discuss when one jurisdiction ends and the other starts. And this court is, by necessity, making a suggestion for future cases as to which courts are within its own jurisdiction. Thank you. Thank you, counsel. We appreciate the briefs and arguments of counsel. We'll take the matter under advisement. If either party is aware of any activity in the circuit court that could make this move, you're free to file a motion advising us of that. And we will consider it. Thank you, counsel. We'll be in short recess.